IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


RONALD BUCK                                                              PLAINTIFF

V.                              CASE NO. 09-CV-4072

UNITED STATES OF AMERICA,
FEDERAL EMERGENCY
MANAGEMENT AGENCY,
CITY OF HOPE, ARKANSAS and
CLEARBROOK, LLC                                                         DEFENDANTS


**ORDER**

        Before the Court is Plaintiff's Rule 21 Motion to Sever as to Separate Defendant Clearbrook,

LLC ("Clearbrook").  (Doc. 29).  Clearbrook has not responded to the motion, and the time for

response has passed.  Separate Defendants the United States of America and the City of Hope,

Arkansas, have filed responses to the Motion to Sever.  (Docs. 35 and 36).  The Court finds the

matter ripe for consideration.

        Plaintiff filed his original complaint on July 13, 2009.  Subsequently, Plaintiff filed an

amended complaint on July 15, 2009, and a second amended complaint on April 1, 2010.

Clearbrook failed to file an answer in this suit.  On May 5, 2010, Plaintiff filed a Motion for Default

Judgment as to Clearbrook, LLC, and a Motion Sever Claims Against Clearbrook, LLC.  (Docs. 28

and 29).

        Plaintiff seeks to sever its claims against Clearbrook.  A court may sever any claim against

a party. Fed. R. Civ. P. 21.  When claims or parties are severed from a lawsuit, they proceed as a

discrete, independent action, and the trial court may render a final, appealable judgment on the

severed claims, notwithstanding the continued existence of unresolved claims in the remaining

action.  *E.S. Indep. Sch. Dist. No. 196 Rosemount-Apple Valley,* 135 F.3d 566, 568 (8th Cir. 1998).

Plaintiff alleges causes of action, including nuisance, inverse condemnation, trespass, and negligence, against Clearbrook.  Plaintiff alleges the same causes of action against the United States of America and the City of Hope, Arkansas, for their independent wrongful acts.  However, Clearbrook is the only defendant that defaulted, which means it has admitted all allegations in Plaintiff's complaint.  *See Angelo Inafrate Const. LLC v. Potashnick Const., Inc.,* 370 F.3d 715, 722 (8th Cir. 2004).  Because of this default, Plaintiff's case against Clearbrook will contain many procedural and substantive differences than its case against the United States of America and the City of Hope, Arkansas.  Allowing a severance of the claims against Clearbrook will serve the interests of expedition, economy, and convenience.  Moreover, no parties will be prejudiced by the severance.  Both the City of Hope and the United States of America will have the opportunity to provide a defense to Plaintiff's liability and damages claims in the present case, and Plaintiff's claims against Clearbrook will proceed as a discrete, independent action.

For the above reasons, Plaintiff's Rule 21 Motion to Sever as to Clearbrook, LLC, is **GRANTED**.  All of Plaintiff's claims against Clearbrook are severed, and the Clerk is directed to assign a new case number to the severed action.

**IT IS SO ORDERED**, this 19th day of July, 2010.


_____/s/ Harry F. Barnes_____
Hon. Harry F. Barnes
United States District Judge