IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONALD BUCK                                                           PLAINTIFF

V.                                CASE NO. 09-CV-4072

FEDERAL EMERGENCY
MANAGEMENT AGENCY, et al.                                 DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed October 20, 2010, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 53). Judge Bryant recommends that the Motion to Dismiss filed by Separate Defendant United States of America, Federal Emergency Management Agency ("FEMA") (ECF No. 23) be denied. FEMA has responded with timely objections. (ECF No. 56). Plaintiff has filed a response to the objections. (ECF No. 58). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

First, FEMA discusses Judge Bryant's rejection of FEMA's argument that the contractor, Clearbrook LLC, was an independent contractor. However, Judge Bryant did not necessarily reject this argument. Instead, Judge Bryant found that further discovery is needed to ascertain whether Clearbrook LLC was an independent contractor or an employee. The critical question regarding this issue is the amount of control exercised by the government over the physical performance of the individual or company. *Knudsen v. U.S.*, 254 F.3d 747, 750 (8th Cir. 2001). Such a determination of control is an intensely factual inquiry and should generally not be decided as a part of a motion to dismiss. *See Bernie v. U.S.*, 712 F.2d 1271 (1983). Here, there has been no formal discovery and the only piece of evidence before the Court establishing the level of control FEMA exerted over

Clearbrook is the contract between FEMA and Clearbrook to grade the airport property. The contract designates Clearbrook as a contractor; however, the contract reflects that FEMA retained some control over Clearbrook's operations. Thus, the Court agrees with Judge Bryant's finding that further discovery is needed to ascertain the level of control FEMA maintained over Clearbrook.

Second, FEMA objects to Judge Bryant's finding that FEMA's conduct falls outside the scope of the discretionary function exception. The Stafford Act provides that the United States is shielded from liability for discretionary acts performed in carrying out disaster assistance operations. *See* 42 U.S.C. § 5148 (2008). However, this discretionary function exception does not protect all government activities involving an element of choice. *Berkovitz v. U.S.*, 486 U.S. 531, 536-37 (1988). Rather, the choice must be "grounded in social, economic, [or] political policy." *See U.S. v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984). Here, when focusing on the nature of the conduct at issue, the Court agrees with Judge Bryant's ultimate determination that there was nothing in the record at the time of his decision that indicated that FEMA's alleged failure to ensure proper drainage during and after construction was the result of a policy choice. Thus, at this time, the Court denies FEMA's attempt to avoid liability under the discretionary function exception.

Accordingly, the Court overrules FEMA's objections and adopts Judge Bryant's Report and Recommendation (ECF No. 53). For reasons stated herein and above, as well as those contained in the Report and Recommendation (ECF No. 53), FEMA's Motion to Dismiss (ECF No. 23) is **DENIED**.

**IT IS SO ORDERED**, this 11th day of March, 2011.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge